UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SCOTT BRANNON,<br><br>Plaintiff,<br><br>v.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC,<br><br>Defendant. | No. 2:24-CV-02156-DC-JDP<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND<br><br>(Doc. No. 8) |

This matter is before the court on Plaintiff Robert Scott Brannon's motion to remand this case to the Sacramento County Superior Court. (Doc. No. 8.) The pending motion was taken under submission to be decided on the papers pursuant to Local Rule 230(g). (Doc. No. 12.) For the reasons explained below, Plaintiff's motion to remand will be denied.

**BACKGROUND**

On May 22, 2024, Plaintiff filed this "lemon law" action against Defendant Jaguar Land Rover North America, LLC ("JLRNA") and Does 1 through 10, in Sacramento County Superior Court. (Doc. No. 1-2.) In his complaint, Plaintiff alleges he leased a 2021 Land Rover Velar on July 27, 2021, and as part of that lease, Defendant issued a written warranty under which Defendant agreed to "maintain the utility or performance of plaintiff's vehicle" or provide compensation for the vehicle's nonconformities. (*Id*. at ¶¶ 4, 9.) Plaintiff further alleges he received the vehicle with serious defects, and that it developed a myriad of other mechanical and

1

1   electrical issues after he took possession. (*Id*. at ¶ 10.) According to the complaint, Defendant
2   failed to replace the vehicle or make restitution for its defects. (*Id*. at ¶ 28.)

3   Plaintiff now seeks to revoke acceptance of the lease agreement and brings three claims
4   under California's Song-Beverly Consumer Warranty Act for: (1) breach of express warranty; (2)
5   breach of implied warranty; and (3) violation of California Civil Code § 1793.2. (*Id*. at ¶ 14.)
6   Plaintiff seeks "incidental, consequential, and general damages resulting from Defendant's failure
7   to comply with its obligations under the Song-Beverly Act," and alleges that he is entitled to costs
8   and expenses, including attorney's fees and reimbursement of the price paid for the vehicle minus
9   the mileage offsets. (*Id*. at ¶ 31–33.) In his prayer for relief, Plaintiff also seeks "general, special,
10  and actual damages;" "restitution of all monies expended;" "incidental and consequential
11  damages;" "civil penalty in the amount of two times Plaintiff's actual damages;" prejudgment
12  interest; and attorneys' fees and costs. (*Id.* at 9.) Plaintiff did not include in his prayer for relief a
13  specific amount of damages sought in this action.

14  Defendant was served with the summons and complaint on May 23, 2024, and filed an
15  answer in state court on June 24, 2024. (Doc. No. 10 at 2.) Defendant states it received a copy of
16  the lease agreement for the vehicle from the dealership on July 30, 2024. (*Id*. at 4.) Defendant
17  filed its notice of removal on August 9, 2024, asserting this court has subject matter jurisdiction
18  based on diversity of citizenship pursuant to 28 U.S.C. §§ 1332, 1441(a). (Doc. No. 1 at 1.)

19  On August 30, 2024, Plaintiff filed the pending motion to remand this action back to the
20  Sacramento County Superior Court, on the grounds that Defendant's removal was untimely.
21  (Doc. No. 8.) In his motion, Plaintiff does not dispute that Plaintiff and Defendant are citizens of
22  different states, thereby satisfying the complete diversity requirement of

23  /////
24  /////
25  /////
26  /////
27  /////
28  /////

28 U.S.C. § 1332(a).[1] (Doc. No. 8 at 3.) Plaintiff likewise did not dispute in his motion that Defendant sufficiently alleged the amount in controversy exceeds the $75,000 jurisdictional threshold as required by 28 U.S.C. § 1332(b). (*Id.*) Defendant filed its opposition to the pending motion on September 13, 2024. (Doc. No. 10.) Plaintiff filed his reply thereto on September 23, 2024, and for the first time raised the argument that Defendant failed to demonstrate the amount in controversy exceeds $75,000. (Doc. No. 11 at 6–9.)

**LEGAL STANDARD**

"Federal courts are court of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A defendant may remove any action from state court to federal court when the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Removal to federal court is proper when a case filed in state court poses a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

The party removing the action has the burden of establishing grounds for federal jurisdiction by a preponderance of the evidence. *Hamsen v. Grp. Health Coop.*, 902 F.3d 1051. 1057 (9th Cir. 2018) (citing *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are strictly construed against jurisdiction. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). A federal court must remand the case to state court if there is any doubt as to right of removal. *Id.*; *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir.

---

[1] For the purposes of diversity jurisdiction, "an LLC is a citizen of every state of which its owners/members are citizens." *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Here, Defendant JLRNA alleges in its notice of removal that it is a limited liability company organized under the laws of Delaware, with its principal place of business in New Jersey. (Doc. No. 1 at 7.) Defendant's sole member, Jaguar Land Rover Limited, is a private company incorporated in England and Wales and has its principal place of business in the United Kingdom. (*Id.*) Defendant alleges Plaintiff is a citizen of California, citing Plaintiff's statement that he resides in California. (*Id.*) Thus, Defendant sufficiently alleges complete diversity of citizenship as required.

2003).

A party's notice of removal must contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure," and a "statement 'short and plain' need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84, 87 (2014); *see also Ramirez-Duenas v. VF Outdoor, LLC*, No. 1:17-cv-0161-AWI-SAB, 2017 WL 1437595, at *2 (E.D. Cal. Apr. 41, 2017) ("The notice of removal may rely on the allegations of the complaint and need not be accompanied by any extrinsic evidence.").

## ANALYSIS

Plaintiff seeks remand of this action to the Sacramento County Superior Court on the grounds that Defendant's removal to federal court was untimely and therefore procedurally deficient and that Defendant failed to demonstrate that the amount in controversy exceeds $75,000. (Doc. Nos. 8 at 3; 11 at 6–9.)

**A.    Timeliness**

The timeliness requirements for removal are set forth in 28 U.S.C. § 1446, which provides two distinct 30-day periods in which a case may be removed to federal court. 28 U.S.C. § 1446(b). Specifically, a case may be removed: (1) within thirty days after the defendant's receipt of the initial pleading, or (2) within thirty days from when the defendant receives "an amended pleading, motion, order or other paper" that indicates a basis for removal that was not "affirmatively revealed" in the initial pleading. *Id.*; *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694–95 (9th Cir. 2005). The Ninth Circuit clarified that removability in the first scenario is "determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or duty to make a further inquiry." *Harris*, 425 F.3d at 694. If removability is unclear from the initial pleading, "the case is 'not removable' at that stage." *Id.* at 693. The second thirty-day window is triggered when a case is "rendered removable by virtue of a change in the parties or other circumstances revealed in a newly-filed 'paper'. . ." *Id.* at 694.

Here, the parties dispute which thirty-day period applies. Plaintiff contends that the first period applies because Defendant had "sufficient information to plausibly allege satisfaction of

4

1   the jurisdiction threshold" upon receipt of the complaint, and thus it was "clear that the instant
2   action was removable" since May 23, 2024, when Defendant "was served with a copy of the
3   Complaint and Summons." (Doc. No. 8 at 5–6, 8.) According to Plaintiff, Defendant's removal of
4   this action on August 9, 2024—78 days after May 23, 2024—was untimely. (*Id.*) Plaintiff did not,
5   however, allege a specific amount in controversy in the complaint. Plaintiff nonetheless asserts
6   Defendant could have calculated the amount in controversy based on the complaint's allegations
7   of the make, model, year, and vehicle identification number, coupled with Defendant's industry
8   expertise and its knowledge of the specific vehicle. (Doc. Nos. 1-2 at 4, ¶ 9; 8 at 7–8.)

9         Defendant counters that the second thirty-day period applies because it did not have
10  adequate information to calculate the amount in controversy until it received a copy of the vehicle
11  lease agreement on July 30, 2024, from the leasing dealer. (Doc. No. 10 at 3.) Defendant points
12  out that the complaint did not include the lease or purchase price of the vehicle, a copy of the
13  lease agreement, any claimed monetary amount of damages, nor any information regarding a
14  mileage offset. (*Id.*) Defendant avers that the lease agreement enabled it to determine the amount
15  in controversy exceeded $75,000 because it provided the total amount of payments due under the
16  lease ($40,383.90) and the residual value of the vehicle ($36,517.25) for a minimal actual
17  damages total of $76,901.15. (*Id.*)

18        As stated, Plaintiff's complaint contains no allegations regarding the value of his lease,
19  purchase price, information regarding a mileage offset, nor the amount of Plaintiff's actual or
20  claimed damages. It is well-settled in the Ninth Circuit that Defendant had no obligation to
21  conduct its own investigation or make further inquiry. *See Harris*, 425 F.3d at 694 ("removability
22  under § 1446(b) is determined through examination of the four corners of the applicable
23  pleadings, not through subjective knowledge or a duty to make further inquiry."); *Garcia v. Ford
24  Motor Co.*, No. 2:24-cv-00563-KJM-DB, 2024 WL 3357004, at *2 (E.D. Cal. July 9, 2024)
25  (finding that though defendant car manufacturer could have "guessed" the amount in controversy
26  before receipt of the sales contract, it was under no obligation to do so); *McFadden v. Nissan N.
27  Am., Inc.*, No. 2:23-cv-01091-AC, 2023 WL 4842332, at *3 (E.D. Cal. July 28, 2023) (same). The
28  Court agrees with Defendant that the lease agreement was the first document it had obtained from

5

1  which removability could be determined. Indeed, other courts have similarly found that a
2  defendant's receipt of the lease agreement providing vehicle pricing information can trigger the
3  second thirty-day window for removability. *See Garcia*, 2024 WL 3357004, at *2; *El-Said v.*
4  *BMW of N. Am., LLC*, No. 8:19-cv-02426-JLS-JDE, 2020 WL 1187171, at *3 (C.D. Cal. Mar. 11,
5  2020). Further, Defendant obtained the lease agreement upon request from the dealership, not
6  from the Plaintiff. (Doc. 1-1 at 2.) Plaintiff seemingly had access to the vehicle lease agreement
7  that he entered with the dealership and should not "be able to prevent or delay removal by failing
8  to reveal information showing removability. . ." *See Des Moran v. Ford Motor Co.*, No. 23-cv-
9  845-JM-BLM, 2023 WL 4532755, at *3 (S.D. Cal. July 13, 2023) (citing *Roth v. CHA Hollywood*
10 *Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013)).
11         Plaintiff correctly notes that the removal statute is strictly construed against removal.
12 (Doc. No. 8 at 4) (citing *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034
13 (9th Cir. 2008)). The Ninth Circuit addressed this tension in *Harris*, however, explaining that
14 their reading of § 1446(b) complies with the statute's purpose to prevent
15 "premature and protective removals" by "assuring that removal occurs once the jurisdictional
16 facts supporting removal are evident . . ." 425 F.3d at 698. Here, Defendant did not remove this
17 case until "facts supporting removal" were made clear to Defendant upon receipt of the lease
18 agreement. *See id*.
19         Thus, the court finds that Defendant's receipt of the lease agreement started the applicable
20 thirty-day window for the purposes of removal. The lease agreement constituted an "other paper"
21 that enabled Defendant to readily determine the amount in controversy. *See* 28 U.S.C.
22 § 1446(b)(3*)*; *Harris*, 425 F.3d at 694. Therefore, Defendant's thirty-day window for removal
23 began on July 30, 2024, when Defendant received a copy of the lease agreement. *See Hayer v.*
24 *Mercedes-Benz USA, LLC*, No. 2:20-cv-01964-MCE-JDP, 2021 WL 809388, at *3 (E.D. Cal.
25 Mar. 3, 2021) (finding defendant's thirty-day window for removal did not begin until receipt of
26 the lease agreement, even where defendant had prior access to the purchase price of the subject
27 vehicle). Defendant's notice of removal filed eight days later, on August 8, 2024, was timely.
28 /////

**B.     Amount in Controversy**

Despite asserting in his motion that he does not challenge Defendant's satisfaction of the amount in controversy requirement (Doc. No. 8 at 3), Plaintiff, in his reply brief, contends that Defendant erred in its damages calculation and failed to demonstrate that the amount in controversy exceeds $75,000. (Doc. No. 11.)

Defendant did not have an opportunity to respond to Plaintiff's argument because Plaintiff raised it for the first time in his reply brief. Courts generally do not consider arguments raised for the first time in a reply brief. *See Powell v. Union Pac. R. Co.*, 864 F. Supp. 2d 949, 962 (E.D. Cal. 2012) (citing *United States v. Gianelli,* 543 F.3d 1178, 1184 n. 6 (9th Cir. 2008) ("arguments raised for the first time in a reply brief are generally considered waived.")); *Antoninette v. Chipotle Mexican Grill, Inc.* No. 05-cv-1660-J-WMC, 2007 WL 2456223, at *3 (S.D. Cal. Aug. 23, 2007) (citing *United States v. Romm*, 455 F.3d 990, 997 (9th Cir. 2006) (citation omitted)); *Nutrishare, Inc. v. Conn. Gen. Life Ins. Co.*, No. 2:13-cv-02378-JAM-AC, 2014 WL 1028351, at *2 (E.D. Cal. Mar. 14, 2014). The justification for the strict application of this rule is apparent where, as here, Plaintiff explicitly emphasizes in his motion to remand his intention to "never contest" that the requirements of diversity jurisdiction are otherwise satisfied. (Doc. No. 8 at 3.) Nevertheless, the court has reviewed Defendant's allegations in its notice of removal and finds that Defendant has met its burden to plausibly allege that the amount in controversy exceeds $75,000 by a preponderance of the evidence. (Doc. No. 1 at 5–6); *see also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (when it is unclear from the state-court complaint, removing party bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy requirement exceeds $75,000)).

/////

/////

/////

/////

/////

7

**CONCLUSION**

For the reasons explained above, Plaintiff's motion to remand this action to the Sacramento County Superior Court (Doc. No. 8) is denied.

IT IS SO ORDERED.

Dated:  **October 29, 2024**  _____
Dena Coggins
United States District Judge

8